IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW PETRIE | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-11-CV-0715-M-BD |
| CITY OF GRAPEVINE, ET AL. | § § § § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

In this First Amendment retaliation case brought under 42 U.S.C. § 1983, defendants have filed a motion to transfer venue to the Fort Worth Division of the Northern District of Texas. As grounds for their motion, defendants contend that the relevant convenience factors and public interest factors weigh heavily in favor of transfer. Plaintiff counters that defendants have failed to prove that the Fort Worth Division is a "substantially more convenient" forum. The issues have been fully briefed by the parties, and the motion is ripe for determination.

Under 28 U.S.C. § 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of this statute is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *DataTreasury Corp. v. First Data Corp.*, 243 F.Supp.2d 591, 593 (N.D. Tex. 2003), *quoting Andrade v. Chojnacki*, 934 F.Supp. 817, 832 (S.D. Tex. 1996). Thus, while a plaintiff has the privilege of filing his lawsuit

in any judicial district and division appropriate under the general venue statute, section 1404(a) tempers the effects of the exercise of that privilege by allowing a court to transfer the case to another district and division if such transfer "would make it substantially more convenient for the parties to litigate the case." *Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925, 928 (E.D. Tex. 1999); *see also In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 1336 (2009) ("*Volkswagen II*").

In deciding whether to transfer a case, the court evaluates "a number of private and public interest factors, none of which are given dispositive weight." *Santellano v. City of Goldthwaite*, No. 3-10-CV-2533-D, 2011 WL 1429080 at *1 (N.D. Tex. Apr. 14, 2011), *quoting In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive. *See Volkswagen II*, 545 F.3d at 315. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized disputes resolved at home; (3) the familiarity of the forum with the law that governs the action; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* After considering these factors, the court should transfer a case only if the movant establishes "good cause" for the transfer. *Id.* To show "good cause," the movant must prove that venue is proper in the transferee district,[1] and "clearly demonstrate that a

---

[1] There is no question that venue is proper in the Fort Worth Division of the Northern District of Texas. Not only do defendants reside in that division, but all the events giving rise to plaintiff's claim occurred there. *See* 28 U.S.C. § 1391(b) (civil action wherein jurisdiction is not founded solely on diversity may be brought, *inter alia*, only in judicial district where any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred).

transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id., quoting* 28 U.S.C. § 1404(a). "The burden on the movant is 'significant,' and for a transfer to be granted, the transferee venue must be 'clearly more convenient than the venue chosen by the plaintiff.'" *AT&T Intellectual Prop. I, L.P. v. Airbiquity, Inc.*, No. 3-08-CV-1637-M, 2009 WL 774350 at *1 (N.D. Tex. Mar. 24, 2009), *quoting Volkswagen II*, 545 F.3d at 315.

"The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue." *BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F.Supp.2d 703, 711 (N.D. Tex. 2009), *quoting Woolf v. Mary Kay, Inc.*, 176 F.Supp.2d 642, 650 (N.D. Tex. 2001). In support of their contention that Fort Worth is a more convenient locale for witnesses, defendants argue that Police Chief Edward Salame and three non-party witnesses -- Assistant Police Chief Ben Flanagan, Lieutenant Barry Bowling, and Grapevine-Colleyville ISD Superintendent J. Chadwell -- all live and work in Tarrant County, which lies within the Fort Worth Division. (*See* Def. Mot. Br. at 6-7). Defendants also rely on the sworn declarations of Chief Salame and Grapevine City Manager Bruno R. Rumbelow, who state that "[t]raveling to Dallas for matters related to this lawsuit will take more time and be more expensive for myself and other employees of the City than remaining in Tarrant County and traveling to Fort Worth." (Def. Mot. App. at 2, ¶ 5; 4, ¶ 5). The mere fact that witnesses live and work in Tarrant County does not mean that the Fort Worth Division is a more convenient forum than the Dallas Division. To the contrary, the evidence submitted by plaintiff shows that Grapevine City Hall, Grapevine Police Headquarters, and Grapevine Middle School, the likely workplace of these witnesses, are actually *closer* to the Dallas federal courthouse than to the Fort Worth federal courthouse in terms of driving distance and time. (*See* Plf. Resp. App. at 2-5, 8, 44-51, 64-67). Plaintiff, Salame, and at least four potential non-

party witnesses -- former Grapevine police employees Monty Moore, Terry G. Wilson, Sr., and Patricia Darwin, as well as former Grapevine Assistant City Manager H.T. Hardy -- live approximately equidistant from the federal courthouses in Dallas and Fort Worth. (*See id.* at 2-3, 9-10; 72-99; 103, ¶ 4; 105, ¶ 4; 107, ¶ 4). Three of these witnesses -- Moore, Wilson, and Darwin -- have submitted sworn declarations attesting to the fact that a trial in Dallas would be at least as convenient as one in Fort Worth. (*See id.* at 103, ¶ 3; 105, ¶ 3; 107, ¶ 3). On these facts, the convenience of the witnesses does not weigh either for or against a transfer. *See Moss v. Lockheed Martin Corp.*, No. 3-10-CV-1659-M, 2011 WL 197624 at *5 (N.D. Tex. Jan. 18, 2011) (mere fact that witness lived and worked in Fort Worth did not demonstrate that Fort Worth Division was a more convenient forum than Dallas Division because "[p]ortions of the city of Fort Worth are closer to the Dallas courthouse than to the Fort Worth courthouse").

The other private interest factors either are neutral or have dubious application after *Volkswagen II*. Regardless of whether this action is litigated in Dallas or Fort Worth, the parties may take advantage of modern technology to minimize any inconvenience to themselves and their witnesses and to control the costs of litigation. *See Volkswagen II*, 545 F.3d at 316 (due to increasing technological advances, concerns regarding relative ease of access to sources of proof have been significantly diminished, though not rendered completely superfluous). Most relevant documents can be exchanged electronically, "making the physical location of the documents of lesser consequence." *BlueEarth Biofuels, LLC v. Hawaiian Electric Co., Inc.*, No. 3-08-CV-1779-L, 2009 WL 918459 at *5 (N.D. Tex. Apr. 3, 2009).[2] The parties may depose any witness who is beyond the

---

[2] Even if the physical location of documents were of material importance, defendants have not shown that any documents are located closer to the Fort Worth courthouse than to the Dallas courthouse. Instead, defendants allege only that documents are located in "Grapevine, Colleyville, and the GCISD." (*See* Def. Mot. Br. at 8). As previously noted, parts of Grapevine and the Grapevine-Colleyville ISD are actually *closer* to the Dallas federal courthouse. (*See* Plf. Resp. App. at 2-5, 8, 44-51, 64-67). Like the convenience of witnesses, this factor is neutral.

subpoena range of the court and is unwilling to travel to Fort Worth or Dallas for trial. *Id.* (citing cases).

The only public interest factor for which defendants present any argument -- the local interest in adjudicating local disputes -- weighs only slightly in favor of transferring this action to Fort Worth. (*See* Def. Mot. Br. at 8-10; Def. Repl. at 6-8). This consideration is based on the principle that "[j]ury duty is a burden that ought not to be imposed upon the people of a community [that] has no relation to the litigation." *BNSF Ry.*, 667 F.Supp.2d at 712, *quoting Volkswagen I*, 371 F.3d at 205-06. The relevant question is whether residents of a particular division have a "stake" in the resolution of the controversy at hand. *See Volkswagen II*, 545 F.3d at 318. Here, potential jurors drawn from Tarrant County, which includes the City of Grapevine and the Grapevine-Colleyville ISD, would likely have a heightened interest in deciding this case. However, as plaintiff correctly notes, portions of Grapevine and the school district also extend into Dallas County. (*See* Plf. Resp. Br. at 23 & Plf. Resp. App. at 38-39). Thus, there is at least a possibility that some Dallas Division jurors could have a similar "stake" in the outcome of this case. Moreover, the Fort Worth Division draws jurors from multiple counties other than Tarrant County. The court cannot conclude that a typical juror from outside Tarrant County would have any greater interest in the outcome of this case than a typical Dallas Division juror. Indeed, as residents of North Texas, most Dallas Division and Fort Worth Division jurors would be similarly situated in terms of their interest in this case. At best, this factor weighs only slightly in favor of transfer.[3]

---

[3] The other public interest factors have no impact on the transfer analysis. The court is unaware of any administrative difficulties flowing from court congestion in either the Fort Worth or Dallas Divisions. Nor are there potential issues involving the familiarity of the forum with the law governing this action, the avoidance of unnecessary problems of conflict of laws, or the application of foreign law.

## CONCLUSION

It is only natural to question why plaintiff, who lives and works in the Fort Worth Division, would bring this action against the City of Grapevine and its police chief, both of whom reside in the Fort Worth Division for venue purposes, in the Dallas Division of the Northern District of Texas. However, plaintiff's motive has no legal significance in deciding whether to transfer this action to Fort Worth. The only issue is whether defendants have shown "good cause" for the transfer -- that is, whether the Fort Worth Division is "clearly more convenient" than the Dallas Division. Defendants have failed to meet this significant burden. Accordingly, their motion to transfer venue [Doc. #15] is denied.

SO ORDERED.

DATED: September 23, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE